**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| GLENDA JACQUELINE PRADO, | : | Case No. 3:16-cv-320 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| PAT MAZEIKA, et al., | : | |
| Defendants. | : | |

_____

**ENTRY AND ORDER DENYING PLAINTIFF GLENDA JACQUELINE PRADO'S
MOTION TO DISQUALIFY COUNSEL (DOC. 19)**
_____

This case is before the Court on the Motion to Disqualify Counsel (Doc. 19) filed by Plaintiff Glenda Jacqueline Prado ("Prado"). Prado brought this action for damages based on the alleged discriminatory actions of the Defendant Greene County Department of Job & Family Services, Children Services Division ("Greene County Child Services") and its employees. (Doc. 1.) In the motion now before the Court, Prado moves to disqualify Defendants' counsel from representing all or any more than one of the named Defendants. (Doc. 19.) In response, Defendants contend that, since the individual Defendants are not sued in their individual capacities, there is only one real party in interest—Greene County, Ohio—named as a Defendant and no conflicts of interest therefore exist. (Doc. 21.) As discussed below, the Court agrees with Defendants' analysis and **DENIES** the Motion to Disqualify Counsel.[1]

**I.   BACKGROUND**

Prado was an employee of Greene County Child Services from October 6, 2014 until March 11, 2015. (Doc. 1 at ¶ 14, 86.) In her Complaint, Prado alleges that her supervisors and

---
1. The Court acknowledges the valuable contribution and assistance of judicial extern Russell Knowles in drafting this opinion.

fellow employees at Greene County Child Services subjected her to racially motivated harassment and made disparaging comments about her. (*Id.* at ¶¶ 28-31.) Prado asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the due process and equal protection clauses of the United States Constitution. (*Id.*) In addition to Greene County Child Services, Prado named as Defendants Greene County, Ohio ("Greene County"); the Greene County Board of Commissioners; Brandon Huddleson, the County Administrator for Greene County; and Greene County Child Services employees Pat Mazeika, Beth Rubin, Amy Amburn, Malana Penney, Joshua Comer, and Beth Keller.[2] (*Id.* at ¶¶ 3-12.) Greene County employs all of the individual Defendants. (Doc. 21 at 2.)

## II.  LEGAL STANDARD

"Motions to Disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *In re Valley-Vulcan Mold Co.*, 237 B.R. 322, 337 (B.A.P. 6th Cir. 1999) (citing *Alexander v. Primerica Holding, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993) (citations omitted). "The party seeking disqualification must carry a 'heavy burden' and must meet a 'high standard of proof' before a lawyer is disqualified," because "although a party has no right to specific counsel, 'a party's choice of counsel is entitled to substantial deference.'" *Id.*

An attorney should only be disqualified "when there is a reasonable possibility that some specifically identifiable impropriety actually occurred and, in light of the interest underlying the standards of ethics, the social need for ethical practice outweighs the party's right to counsel of his own choice." *Siddhar v. Sivanesan*, No. 2:13-CV-747, 2013 U.S. Dist. LEXIS 173414, *31 (S.D.

---

2. Defendants note that Brandon Huddleson was incorrectly identified as "Brian Huddleston" and Amy Amburn was incorrectly identified as "Amy Auburn" the Complaint. (Doc. 21.)

2

Ohio Dec. 11, 2013) (citing *United States v. Kitchin*, 592 F.2d 900, 903 (5th Cir. 1979)) (internal quotes omitted). The party seeking disqualification of counsel must identify articulable facts demonstrating a conflict or any legitimate basis for disqualification. *Id.* at *32. Without these types of articulable facts, "it would be all too easy for opposing parties to harass one another." *Id.*

### III. ANALYSIS

Prado argues that Defendants' counsel cannot adequately represent all of the named Defendants due to likely conflicts of interest. She anticipates, for example, that certain employees may wish to present defenses that conflict with their supervisors' defenses. (Doc. 19 at 2.) Defendants contend that there is no conflict of interest and Prado has failed to demonstrate any articulable basis for disqualification. (Doc. 21 at 2.)

Defendants first argue that none of the individual Defendants are alleged to hold positions meeting the statutory definition of an "employer" who may be held personally liable under Title VII. *See Wathen v. Gen. Elec. Co.,* 115 F.3d 400, 405 (6th Cir.1997); *Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586, 601 (E.D. Mich. 2016). As a result, Prado's claims under Title VII for disparate treatment, harassment and retaliation must be maintained against the individual Defendants only in their official capacities. When the individual Defendants are sued in their official capacities, no conflict can exist among the Defendants because Greene County is the only party in interest. *Smith v. Leis*, 407 Fed. Appx. 918, 927 (6th Cir. 2011) (individuals sued in their official capacity stand in the shoes of the entity they represent).

Defendants argue that Prado's Section 1983 claims (for violation of her due process rights and equal protection rights) also should be construed as suing the individual Defendants in their official capacities. Defendants cite *Moore v. City of Harriman*, 272 F.3d 769, 775 (6th Cir. 2001),

3

in which the Sixth Circuit held that "§ 1983 plaintiffs must clearly notify any defendants of their intent to seek individual liability." Defendants argue that the Complaint fails to meet this standard because it neither explicitly states that Defendants are sued in their individual capacities nor contains allegations that would put them on clear notice of any such intent. As a result, Prado's Section 1983 claims also constitute a suit against Greene County, not the individual Defendants personally. *Brandon v. Holt*, 469 U.S. 464, 471-472 (1985).

In reply, Prado argues that Defendants should be on notice that they are being sued in their individual capacities because she seeks both actual and punitive damages. (Doc. 23.) Prado also contends that it is not necessary to explicitly state that she is suing the Defendants in their personal capacities if it is nonetheless evident from the "course of proceedings" in the case. (*Id.* at 2 (citing *Rodgers v. Banks*, 344 F.3d 587 (6th Cir. 2003)).)

The course of proceedings test "considers such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Moore*, 272 F.3d at n.1. A request for actual and punitive damages alone is insufficient to put the Defendants on notice that they are being sued in their individual or personal capacity. The Sixth Circuit addressed this very issue in *Shepard v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002). The Sixth Circuit found that "the request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity, we do not [believe] that a request for money damages is alone sufficient to place a state official on notice that he is being sued in his individual capacity." *Id.* The Sixth Circuit explained that to do so would be inappropriate when the rest of the suit strongly

4

suggests that the Defendants are being sued in their official capacity.  *Id.*

Here, the caption of the Complaint does not state that the Defendants are being sued in their individual capacities.  Moreover, the caption lists the names of the individual Defendants along with their business addresses, not their personal addresses—which is consistent with a suit against them in their official capacities.  The Complaint's allegations concern Greene County's policies and practices relevant to Prado's employment and the individual Defendants' actions as Greene County representatives.  The course of proceedings test is not satisfied, and the Complaint does not clearly notify the Defendants that they are being sued in their individual capacities.

In the final paragraph of her Reply, Prado states that she "may move to amend her complaint to use the words 'in her individual capacity' if necessary."  (Doc. 23 at 4.)  If Prado wishes to amend her Complaint, she must move for leave to do so in compliance with Federal Rule of Civil Procedure Rule 15 and Southern District of Ohio Local Rule 7.2.

## IV.     **CONCLUSION**

The Motion to Disqualify Counsel (Doc. 19) is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, November 28, 2016.

                                                                           s/Thomas M. Rose

                                                      THOMAS M. ROSE
                                 UNITED STATES DISTRICT JUDGE