UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GLENDA J. PRADO,

    Plaintiff,

vs.

PAT MAZEIKA, *et al.*,

    Defendants.

Case No. 3:16-cv-320

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**ORDER AND ENTRY: (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. 26); (2) ORDERING PLAINTIFF TO SEPARATELY FILE THE AMENDED COMPLAINT WITHIN SEVEN DAYS OF THE ENTRY OF THIS ORDER; AND (3) NOTIFYING PLAINTIFF THAT HER FAILURE TO FILE THE AMENDED COMPLAINT AS ORDERED MAY RESULT IN THE DISMISSAL OF THIS CASE FOR FAILURE TO PROSECUTE**

\*\*\*

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (DOC. 22) BE DENIED AS MOOT**

---

This civil case is before the Court on Defendants' motion for partial judgment on the pleadings. Doc. 22. Plaintiff filed a memorandum in opposition and Defendants, thereafter, filed a reply. Docs. 24, 27. In addition to opposing Defendants' motion, Plaintiff also filed a motion for leave to file an amended complaint. Doc. 26. Defendants filed a memorandum in opposition to Plaintiff's motion for leave and, thereafter, Plaintiff filed a reply. Docs. 29, 31. The undersigned has carefully reviewed all of the foregoing documents and these motions are now ripe for decision.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

## I.

This civil case arises from Plaintiff's former employment with the Greene County, Ohio Department of Job & Family Services ("DJFS"), misnamed in the complaint as the Greene County Children's Services Board. *See* doc. 1 at PageID 3-20. Plaintiff was employed as a caseworker with DJFS from October 16, 2014 until her termination on March 11, 2015. *Id*. at PageID 5, 13. DJFS purportedly terminated Plaintiff for inadequate job performance, a reason Plaintiff alleges is untrue. *Id*. at PageID 13. Defendants Pat Mazeika, Beth Rubin, Amy Auburn,[2] Malana Penney, Joshua Coomer, and Beth Keller were all co-workers of Plaintiff's at DJFS. *Id*. at PageID 3-4. Defendants Keller and Coomer were allegedly Plaintiff's supervisors and/or managers. *Id*. at PageID 4, 6, 8.

During her short employment with DJFS, Plaintiff -- a Hispanic woman from Ecuador who speaks English as her third language -- alleges that her co-workers were unkind to her, oftentimes leaving her at the office when she was supposed to shadow them for training purposes; purposefully gave her the wrong times for appointments; failed to give her directions to the location of appointments; imitated her accent; and otherwise ridiculed her. *Id*. at PageID 5-7, 9. An African-American co-worker allegedly warned Plaintiff that her Caucasian co-workers "were setting her up," presumably for termination. *Id*. at PageID 7-8. Plaintiff claims that this allegedly hostile work environment caused her to suffer "very high" blood pressure resulting in an emergency room visit in December 2014, among other injuries. *Id*. at PageID 10.

Following her termination from employment, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that she was harassed throughout her employment by supervisors and co-workers, and was disparately treated on the basis of her national origin. *Id*. at PageID 22. The parties allegedly attempted to mediate the EEOC charge

---

[2] Defendants contend that this Defendant's proper name is Amy Amburn. Doc. 22 at PageID 111.

in July 2015. *Id*. at PageID 14. The mediation was continued so that Defendant Brian Huddleston[3] -- the County Administrator -- could investigate allegations of Plaintiff's discriminatory treatment. *Id*. at PageID 14-15.

During the time the mediation was continued, Plaintiff was allegedly arrested by a Greene County Sheriff's Deputy for driving under the influence of illegal drugs. *Id*. at PageID 15. Upon being arrested, Plaintiff was booked at the Greene County Jail, forced to take a cold shower, placed in jail clothing, fingerprinted and photographed. *Id*. Plaintiff's photograph (*i.e.*, her "mugshot") was subsequently posted on the internet indicating that she was an inmate at the County Jail. *Id*. at PageID 15-16. Subsequent lab testing confirmed the presence of no drugs or alcohol in Plaintiff's system at the time of her arrest and all charges were dismissed as a result. *Id*. at PageID 16. Plaintiff alleges Defendant Keller's husband is a Greene County Deputy Sheriff and further alleges that she was arrested by a Sheriff's Deputy in retaliation for asserting the EEOC charge. *Id*. at PageID 18.

When the mediation continued, Defendant Huddleston presented a report -- presumably a report of his own investigation and his conclusions as a result of that investigation -- in which he concluded that no discrimination occurred. *Id*. In his report, Huddleston also referenced Plaintiff's arrest, although it occurred after her termination and therefore bore no relevance to her employment with DJFS. *Id*. at PageID 16. The mediation ultimately concluded without a settlement agreement. *Id*.

Subsequently, Plaintiff received a right to sue letter from the EEOC. *Id*. at PageID 23. Plaintiff then filed this lawsuit. *See id*. at PageID 1.

---

[3] Defendants contend that this Defendant's proper name is Brandon Huddleston. Doc. 22 at PageID 111.

## II

In her complaint, Plaintiff purports to assert claims under both federal and Ohio law. *See id.* at PageID 2-3. Specifically, Plaintiff alleges: (1) employment discrimination on the basis of her national origin, asserting that she was subject to disparate treatment by her employer, supervisors, and co-workers during her employment; (2) harassment by her co-workers resulting in the loss of valuable training time (presumably a claim of hostile work environment); (3) retaliation; (4) a deprivation of due process;[4] and (5) a violation of her right to equal protection. *Id.* at PageID 5-20.

In the motion for partial judgment on the pleadings, Defendants argue that: (1) claims against DJFS should be dismissed because it is not *sui juris*; (2) Plaintiff pleads insufficient factual allegations to support her due process and equal protection claims; (3) the individual Defendants should be dismissed since they were sued in their official capacities, without proper notice of an intent to sue them in their individual capacities; and (4) the Title VII claims against the individual Defendants should be dismissed because they are not "employers" as defined by Title VII. Doc. 22 at PageID 113-21.

In response, Plaintiff: (1) agrees that the DJFS is not *sui juris*; (2) argues that sufficient factual allegations are alleged to support her due process and equal protection claims; (3) contends that the allegations are sufficiently clear to place Defendants on notice that they are being sued both individually and in their official capacities; and (4) agrees that Title VII does not permit suit against the individual Defendants, but argues that the individual Defendants are properly named as parties with regard to Plaintiff's other claims, such as her § 1983 claims.[5]

---

[4] From the undersigned's perspective, Plaintiff appears to misname her claim in this regard and actually intends to assert § 1983 claims for malicious prosecution, false arrest, and/or false imprisonment.

[5] The Court notes that individual employees may be liable for employment discrimination under Ohio law. *See Cheek v. Indus. Powder Coatings, Inc.*, 706 N.E.2d 323, 323 (Ohio 1999).

Plaintiff separately requests leave to amend the complaint to: (1) cure the improper naming of certain parties, including DJFS; and (2) properly set forth allegations indicating that she is suing the individual Defendants in both their individual and official capacities. Doc. 26.

**III.**

In the interests of justice, the undersigned **GRANTS** Plaintiff's motion for leave to file an amended complaint (doc. 26) and **ORDERS** Plaintiff to separately file the amended complaint within seven (7) days from the entry of this Order. In that amended complaint, Plaintiff shall cure any and all deficiencies set forth by Defendants in their Rule 12(c) motion.

The Court **NOTIFIES** Plaintiff that failure to file an amended complaint as ordered herein may result in the dismissal of this case for failure to prosecute.

In light the undersigned's granting of leave to file an amended complaint, the undersigned **RECOMMENDS** that Defendants' motion for partial judgment on the pleadings (doc. 22) be **DENIED AS MOOT**.

Date: August 10, 2017            s/ Michael J. Newman
                                                               Michael J. Newman
                                                               United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).