# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GLENDA J. PRADO, | : | Case No. 3:16-cv-320 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | Magistrate Judge Michael J. Newman |
| | : | |
| PAT MAZEIKA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER OVERRULING OBJECTIONS (DOC. 35) TO THE MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION (DOC. 33) AND DENYING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (DOC. 22) AS MOOT**

---

This case is before the Court on Defendants' Objections (Doc. 35) to Magistrate Judge Michael J. Newman's Order and Entry (Doc. 33) granting Plaintiff's Motion for Leave to file an Amended Complaint (Doc. 26) and recommending that the Court deny Defendants' Motion for Partial Judgment on the Pleadings (Doc. 22) as moot. Plaintiff has responded to Defendants' Objections so the matter is ripe for review. (Doc. 37.)

## I.    PLAINTIFF'S ALLEGATIONS[1]

Plaintiff is a Hispanic woman from Ecuador who speaks English as her third language. (Doc. 1 at ¶ 16.) From October 16, 2014 through March 11, 2015, she was employed as a caseworker by Defendant Greene County, Ohio Department of Job & Family Services ("DJFS").[2] (*Id.* at ¶ 14-18, 86.) She alleges that DJFS and her co-workers

---

1 The factual allegations in this section are taken from Plaintiff's Complaint, which is the pleading that was before the Magistrate Judge when he entered his decision.
2 Plaintiff misidentified DJFS in her Complaint as the "Greene County Children's Services

there (named individually as Defendants) discriminated against her and harassed her because of her national origin. (*Id*. at ¶¶ 19-85.) Among the harassment alleged in the Complaint, Plaintiff claims that she was told by a co-worker to never criticize Defendant Beth Keller because her husband Major Kirk Keller "holds the keys to the jail." (*Id*. at ¶ 37.) According to the Complaint, Major Kirk Keller is in fact a Greene County, Ohio Sheriff's Deputy and is in charge of the Greene County Jail and Road Patrol. (*Id*. at 38.) Defendants' treatment of Plaintiff caused her to have high blood pressure and other health issues. (*Id.* at ¶¶ 54-55.) DJFS fired Plaintiff, purportedly for inadequate performance, after Plaintiff refused to sign a document indicating that she voluntarily resigned. (*Id.* at ¶¶ 86-95.)

After being fired, Plaintiff filed a Complaint with the Equal Employment Opportunity Commission regarding her employment with DJFS. (*Id.* at ¶ 98.) The parties agreed to mediation and attended their first mediation session during the last week of July 2015. (*Id.* at ¶101-02.) Plaintiff alleges that, between the parties' first and second mediation sessions, she was stopped by a Greene County, Ohio Sheriff's Deputy—although not Major Keller—while driving home from a celebration for her birthday. (*Id.* at ¶¶ 106-7.) The Sheriff's Deputy arrested Plaintiff for operating a vehicle while impaired, handcuffed her, and transported her to the jail. (*Id.* at ¶¶ 113-14.) At the jail, Plaintiff was booked into the jail, which required her to take a shower, change into "jail clothing," and be photographed. (*Id.* at ¶¶114-117.) At some point, Plaintiff was

---

Board." (Doc. 1 at ¶¶ 2, 9.)

administered a drug test. (*Id.* at ¶ 124.) Plaintiff was later identified as an inmate of the Greene County Jail on its internet website, along with her photograph in jail clothing. (*Id.* at ¶ 117.)

At the second mediation in early September 2015, DJFS provided Plaintiff a report in which presumably DJFS—it is unclear from the Complaint—concluded that she was not subject to discrimination. (*Id.* at ¶ 120.) For some reason, the report included a document from the Greene County Sheriff's Office regarding Plaintiff's arrest for operating a vehicle while impaired, which post-dated her employment with DJFS by about five months. (*Id.* at ¶ 121.)

In mid-October 2015, Plaintiff received the lab report for the drug test administered to her during her arrest. (*Id.* at 124.) The lab report indicated that there were no drugs or alcohol in Plaintiff's system. (*Id.*) The charge against Plaintiff for operating a vehicle while impaired was dismissed. (*Id.* at ¶ 125.)

The mediation with DJFS did not result in a settlement and the EEOC issued a right to sue letter to Plaintiff. (*Id.* at ¶¶ 124, 126.)

In the Complaint, Plaintiff asserted claims under federal and Ohio law for (1) employment discrimination on the basis of her national origin; (2) harassment by her co-workers (presumably a hostile work environment); (3) retaliation; (4) deprivation of due process (which the Magistrate Judge reasonably construed as a misnamed § 1983 claim for malicious prosecution, false arrest, and/or false imprisonment), and (5) a violation of her right to equal protection. (*Id.* at ¶¶ 14-140.)

## II. ANALYSIS

### A. Motion for Leave to File an Amended Complaint

Plaintiff filed a Motion for Leave to File an Amended Complaint after Defendants filed their Motion for Partial Judgment on the Pleadings. The Magistrate Judge properly considered the two Motions together, however, since the disposition of Plaintiff's Motion could render Defendants' Motion moot—which is what occurred.

A determination of whether to grant leave to amend a pleading is generally a nondispositive pre-trial matter within a magistrate judge's authority, subject to reconsideration by the Court "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Parrish v. Ford Motor Co.*, 909 F.2d 1484 (6th Cir. 1990). An exception might be made where a magistrate judge denies leave to amend expressly on futility grounds, but that is not the situation before the Court here. *See, e.g., Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012) (noting that generally a motion for leave to amend is a nondispositive matter that may be ruled upon by a magistrate judge, but that some courts have considered the denial of leave to amend a dispositive ruling when based on futility grounds).

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Morse v. McWhorter*, 290 F.3d 795, 799–800 (6th Cir. 2002). Factors to be considered when considering a motion to amend are:

Undue delay in filing, lack of notice to the opposing party, bad faith by the

4

> moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001), quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).

Defendants argue that the Magistrate Judge erred in granting leave to amend because Plaintiff did not comply with S.D. Ohio Civil Rule 7.3 in seeking leave; Defendants would be unfairly prejudiced by the new claims asserted in the First Amended Complaint; and Plaintiff's proposed amendment could not save her claims from dismissal.

S.D. Ohio Civil Rule 7.3 requires a party seeking to amend a pleading to "consult with all parties *** whose interests might be affected by the granting of such relief and solicit their consent to the [motion]." S.D. Ohio Civ. R. 7.3(a). The party seeking leave to amend then must state in their motion that such consultation has occurred, or was attempted in good faith, and whether the motion is opposed. *Id.* Local Rule 7.3 also requires the submission of a proposed order, where the motion is unopposed. *Id.*

Plaintiff did not comply with Local Rule 7.3. Nevertheless, it would be far too severe a sanction to deny Plaintiff's Motion for only that reason. The purpose of Local Rule 7.3 is to save the Court and the parties from the delay caused by waiting for the 21-day response time to run before ruling on a motion that, in the majority of instances,

will be unopposed. Here, Plaintiff did not consult Defendants to determine if they would oppose her Motion, but Defendants did oppose it. Thus, compliance with Local Rule 7.3 would not have prevented any delay. Moreover, when Plaintiff filed her Motion, it was not unreasonable to presume that Defendants would oppose it since Plaintiff's proposed modification would expose the individual Defendants to potential personal liability. That such a presumption would have been reasonable does not excuse compliance with Local Rule 7.3, but it supports a conclusion that the Magistrate Judge's decision was appropriate in this instance.

Defendants' second argument is that they would be unfairly prejudiced by the additional claims asserted in the First Amended Complaint. Defendants first point out that Plaintiff's Motion did not include any reference to additional claims at all. Instead, Plaintiff indicated that she intended to amend the Complaint to cure the improper naming of certain parties (such as DJFS) and seek damages from the individual Defendants in their individual capacities, in addition to their official capacities. The First Amended Complaint makes these changes, but also includes claims for malicious prosecution, false arrest, and false imprisonment that were not in the Complaint. Defendants argue that they were not accorded fair notice of the additional claims and would be unduly prejudiced if Plaintiff were permitted to pursue them after the case has been pending more than a year.

Defendants' characterization of events is not entirely accurate. Plaintiff did not request leave to add additional claims to the Complaint, but when granting leave to

amend, the Magistrate Judge expressly instructed Plaintiff to "cure any deficiencies set forth by Defendants in their Rule 12(c) motion." (Doc. 33 at 5.) One of the deficiencies set forth in Defendants' Motion was Plaintiff's failure to plead facts that could support a claim for deprivation of due process. The Magistrate Judge had also observed that Plaintiff's due process claim appeared to be a misnamed § 1983 claim for malicious prosecution, false arrest and/or false imprisonment. Picking up on this observation, Plaintiff dropped her deprivation of due process claim and added the § 1983 claims. Thus, it is not fair to characterize Plaintiff's amendments as an attempt to surprise Defendants with new claims when she was merely complying with the Magistrate Judge's Order.

Moreover, Defendants should not have been surprised by the appearance of the additional § 1983 claims in the First Amended Complaint. The Magistrate Judge's observation was not a difficult one to make for an attorney familiar with labor and employment law. In addition, the factual allegations underlying the new claims were in the original Complaint; Plaintiff simply asserted a right to relief under a possibly flawed legal theory.

Defendants' assertion that Plaintiff unduly delayed in seeking leave to amend is also inaccurate. Plaintiff brought this lawsuit on August 3, 2016. She sought leave to amend the Complaint on November 28, 2016—within a month of Defendants' Motion for Partial Judgment on the Pleadings and on the same day that the Court denied Plaintiff's Motion to Disqualify Counsel. The Order granting leave to amend was not

7

entered until August 10, 2017, but Plaintiff is not to blame for the amount of time it took to decide her Motion.

Defendants' final argument is futility, *i.e.*, that the changes to Plaintiff's Complaint will not save her claims from dismissal. The Magistrate Judge did not address the merits of this argument in his Order; instead, he ordered Plaintiff to correct the pleading deficiencies in her First Amended Complaint. Plaintiff attempted to do so. The Magistrate Judge's approach was well within the Court's discretion and a reasonable resolution of the motions pending before him. The merits of the First Amended Complaint are best addressed in the context of a motion directed to that complaint, rather than objections to the Magistrate Judge's Order granting leave to amend.

In conclusion, the Magistrate Judge's decision to grant Plaintiff leave to amend her Compliant was not clearly erroneous or contrary to law. The Court therefore will not modify or set aside any part of that Order.

### B. Motion for Partial Judgment on the Pleadings

Although objections to a motion for judgment on the pleadings are subject to *de novo* review, the Court's review of Defendants' Motion here is simplified by its ruling on the Order granting leave to amend. Fed. R. Civ. P. 72(b)(3). Once Plaintiff was granted leave to amend, Defendants' Motion for Partial Judgment on the Pleadings became moot. The Magistrate Judge properly denied the Motion for that reason.

### III. CONCLUSION

For the reasons above, the Court **OVERRULES** the Objections (Doc. 35) to the Magistrate Judge's Order (Doc. 33) and **DENIES** Defendants' Motion for Partial Judgment on the Pleadings (Doc. 22) as moot.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, October 2, 2017.

                                                                        s/Thomas M. Rose
                                             _____
                                                  THOMAS M. ROSE
                                         UNITED STATES DISTRICT JUDGE