UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GLENDA J. PRADO,

 Plaintiff,

vs.

PAT MAZEIKA, *et al*.,

 Defendants.

Case No. 3:16-cv-320

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 46) BE GRANTED; (2) PLAINTIFF'S § 1983 CLAIMS FOR MALICIOUS PROSECUTION, FALSE ARREST, AND FALSE IMPRISONMENT ALL BE DISMISSED; AND (3) THIS CASE REMAIN PENDING WITH REGARD TO PLAINTIFF'S EMPLOYMENT DISCRIMINATION AND RETALIATION CLAIMS**

---

 This is an employment discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and the corollary provisions of Ohio law, Ohio Rev. Code Chapter 4112, *et seq.* Specifically, these discrimination claims arise from Plaintiff's employment with the Greene County, Ohio Department of Job & Family Services ("DJFS") from October 6, 2014 until her termination on March 11, 2015. *See d*oc. 34. In addition to claims of discrimination and retaliation in the workplace, Plaintiff also seeks relief under 42 U.S.C. § 1983 for alleged constitutional violations arising from an arrest and detention following her termination from employment -- events she apparently connects to the Defendant co-workers through only nebulous innuendo.[2]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff also makes, in one paragraph of her amended complaint, an oblique reference to 42 U.S.C. Section 1985 without explanation or facts in support. Doc. 34 at Page ID 99, ¶ 1. To the extent Plaintiff thus seeks to perhaps complain here of a civil rights conspiracy, such claim fails under *Iqbal* and

Now before the Court is Defendants' motion for judgment on the pleadings. Doc. 46. In their motion, Defendants argue that Plaintiff's due process, equal protection, malicious prosecution, false arrest, and false imprisonment claims -- claims which Plaintiff, through counsel, alleges arise from her arrest and detention after termination of her employment with DJFS -- are inadequately pled. Doc. 46. Plaintiff filed a memorandum in opposition to Defendants' motion (doc. 48)[3] and, thereafter, Defendants filed a reply (doc. 50). The undersigned has carefully considered all of the foregoing and Defendants' motion is ripe for decision.

## I.

The standard for reviewing a Rule 12(c) motion for judgment on the pleadings is the same standard employed for reviewing a Rule 12(b)(6) motion to dismiss. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted."

To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed.

---

*Twombly* as being insufficiently pled under Fed. R. Civ. P. 8(a). *See infra*; *see also Easterling v. Rudduck*, No. 1:14-cv-876, 2015 U.S. Dist. LEXIS 44867, at *14-16 (S.D. Ohio 2015).

[3] Plaintiff's memorandum in opposition is 31 pages in length. Doc. 48 at PageID 360-90. The Court's Local Rules set a 20-page limitation on the length of memoranda in opposition to motions. S.D. Ohio Civ. R. 7.2(a)(3). The Court's General Order No. Day 12-01, states specifically that "[m]emoranda . . . in opposition to any motion shall not exceed twenty pages without first obtaining leave of Court[,]" and any request for leave in that regard "must include a proposed page length and the reasons for exceeding the usual page limit." Here, Plaintiff did not seek leave prior to filing her memorandum in opposition and it is not clear to the undersigned why an additional 11 pages were required to set forth Plaintiff's position. In addition, Plaintiff further violated S.D. Ohio Civ. R. 7.2(a)(3), which requires parties, when filing a memorandum in excess of 20 pages, to include in their memorandum "a combined table of contents and a succinct, clear, and accurate summary, not to exceed five pages, indicating the main sections of the memorandum and the principal arguments and citations to primary authority made in each section, as well as the pages on which each section and any sub-sections may be found." Although it is within the undersigned's authority to strike Plaintiff's memorandum in opposition for failing to comply with the Local Rules and the Court's General Order, in the interests of justice, the undersigned considers Plaintiff's memorandum in its entirety, but admonishes counsel to comply with the Court's Local Rules and General Orders going forward.

R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[T]he factual allegations must be specific enough to justify 'drag[ging] a defendant past the pleading threshold.'" *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -

- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

## II.

Plaintiff originally filed her complaint on August 3, 2016. *See* Doc. 1 at PageID 2-3. Thereafter, Defendants filed a motion for partial judgment on the pleadings with regard to that original complaint. *See* doc. 22. Plaintiff filed a memorandum in opposition (doc. 24) and, in conjunction therewith -- having identified pleading deficiencies and otherwise being on notice of other potential pleading deficiencies by virtue of Defendants' motion – Plaintiff sought leave to file an amended complaint, which this Court granted. *See* Docs. 26, 33. On August 11, 2017, Plaintiff filed an amended complaint (doc. 34) and the Court recommended that Defendant's motion for partial judgment on the pleadings be denied as moot. Doc. 33.

Much like the original complaint, Plaintiff's amended complaint, filed through counsel, lacks specificity, is vague, and is conclusory as it relates to claims arising from her arrest and detention. In this regard, Plaintiff suggests some sort of conspiracy but, significantly, she sets forth no factual averments beyond veiled innuendo connecting any of the named Defendants to her arrest and subsequent detention. Doc. 34 at PageID 216-21. In other words, Plaintiff omits "well-pleaded factual allegations" in her amended complaint connecting any named Defendant to her arrest and detention. *See Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (stating that "factual allegations must do more than create speculation or suspicion"). Insofar as Plaintiff alleges § 1983 claims against Greene County, she fails to identify any official policy or custom -- adopted or sanctioned by any named state actor defendant -- that caused her alleged constitutional injuries, and thus the County cannot be held liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

# III.

Accordingly, the undersigned finds that Plaintiff, in her amended complaint, fails to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." As a result, Plaintiffs' § 1983 claims arising from her arrest and detention should be dismissed. Thus, based upon the foregoing, **IT IS THEREFORE RECOMMENDED** that: (1) Defendants' partial motion for judgment on the pleadings (doc. 46) be **GRANTED**; (2) Plaintiff's § 1983 claims for malicious prosecution, false arrest, and false imprisonment all be DISMISSED; and (3) this case remain pending with regard to Plaintiff's employment discrimination and retaliation claims.


Date:  July 18, 2018                               /s Michael J. Newman
                                                   Michael J. Newman
                                                   United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).