IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLENDA JACQUELINE PRADO, :

    Plaintiff,

v. :     Case No. 3:16-cv-00320

PAT MAZEIKA, et. al.,     JUDGE WALTER H. RICE

    Defendants. :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #53);
OVERRULING PLAINTIFF'S OBJECTIONS (DOC. #54); SUSTAINING
DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS (DOC. #46).

---

This matter is before the Court on Magistrate Judge Michael J. Newman's Report and Recommendations, Doc. #53, and Plaintiff's Objections to that judicial filing, Doc. #54. Defendants Pat Mazeika, Beth Rubin, Amy Amburn, Malana Penney, Joshua Coomer, Beth Keller, Greene County, Ohio ("Greene County"), Board of Commissioners, Greene County, Ohio ("Commissioners"), and Brandon Huddleson ("Huddleson") (collectively, "Defendants"), filed a Response in Opposition to Plaintiff's Objections, Doc. #55, and Plaintiff has filed a Reply, Doc. #56.

The Amended Complaint at issue alleges that it is "brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment

discrimination" with jurisdiction "based upon 42 U. S. C. §§1981 et seq., 42 U.S.C. §§1983 and 1985 and on the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendments..."[1] Doc. #34, PAGEID#199. Nine separate causes of action are alleged in the Amended Complaint: 1) Disparate Treatment 2) Harassment 3) Retaliation 4) Due Process of Law 5) Malicious Prosecution 6) False Arrest 7) False Imprisonment 8) Equal Protection and 9) Employment Discrimination pursuant to R.C. Chapter 4112. Doc. #34.

Defendants filed a motion for partial judgment on the pleadings[2] seeking dismissal of the fourth (due process), fifth (malicious prosecution), sixth (false arrest), seventh (false imprisonment) and eighth (equal protection) causes of action. Doc. #46, PAGEID#352. Defendants' motion also sought dismissal of the individual Defendants on Plaintiff's Title VII claim as well as dismissal of the individual Defendants based on qualified immunity for any violations of due process and equal protection. Finally, the motion requested dismissal of the

---

[1] As noted in the Report and Recommendations, Doc. #53, PAGEID#414, other than this "oblique reference" to 42 U.S.C §1985, there are no factual or legal allegations of conspiracy in the Amended Complaint. Doc. #34, PAGEID#191. "[C]onspiracy claims must be pled with some degree of specificity and ... vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir.2007) (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir.1987)).

[2] Originally titled as a "motion for judgment on the pleadings," (Doc. #46), it will be referred to hereafter as a "motion for partial judgment on the pleadings."

2

individual Defendants on all state law claims based on the statutory immunities in R.C. § 2744.03. Doc. #46, PAGEID##352-53. [3]

The Magistrate Judge recommended that (1) Defendants' motion for partial judgment on the pleadings (Doc. #46) be granted; (2) Plaintiff's § 1983 claims for malicious prosecution, false arrest, and false imprisonment be dismissed; and (3) Plaintiff's employment discrimination and retaliation claims remain pending. Doc. #53, PAGEID#418.

Plaintiff has filed Objections to the dismissal of the fifth (malicious prosecution), sixth (false arrest), seventh (false imprisonment) and Greene County's culpability as to the eighth (equal protection) causes of action. Doc. #54, PAGEID#421. Although Plaintiff correctly states that the first (disparate treatment), second (harassment), third (retaliation) and ninth (Ohio employment discrimination law, R.C. §4112) causes of action remain pending, she incorrectly states that the Magistrate Judge recommended that the fourth (due process) and eighth (equal protection) causes of action not be dismissed. *Id.*

Defendants disagree with Plaintiff's interpretation of the Report and Recommendations. According to Defendants, not only are the fourth (due process)

---

[3] Although in each of the nine causes of action Plaintiff makes allegations against specifically named Defendants, the same general demand is made at the conclusion of each of the nine causes of action: "Wherefore Plaintiff demands that the Defendants be held joint and severally liable..." Because it is unclear if "the Defendants" refers to all Defendants named in the Amended Complaint or only those Defendants identified in the individual cause of action, the Court will assume that joint and several liability is being sought in each cause of action against all Defendants named in the Amended Complaint.

and eighth (equal protection) claims recommended by the Magistrate Judge for dismissal, but also all individual Defendants. As a result, according to Defendants, only Greene County and the Commissioners remain as Defendants on the employment claims alleged in the first (disparate treatment), second (harassment) third (retaliation), and ninth (Ohio employment discrimination law R.C. §4112) causes of action. Doc. #55, PAGEID#428; Doc. #53, PAGEID#418.

Because of the confusion surrounding the Report and Recommendations, the Court will review Plaintiff's objections as well as the entire Report and Recommendations *de novo* in accordance with Fed. R. Civ. P. 72.


I.    **Background and Procedural History**

The factual allegations of the Amended Complaint, which are accepted as true for purposes of ruling on this motion, *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-556 (2007), allege that Plaintiff is a Hispanic immigrant from Ecuador and was hired October 6, 2014, to work as a caseworker at the Greene County Department of Job & Family Services. Doc. #34, PAGEID#202. During her 6 months of employment, Plaintiff states that she was harassed and discriminated against by Defendants, told that her job performance was "inadequate" and unlawfully terminated on March 11, 2015. Doc. #34, PAGEID#210.

Following her March 11, 2015, termination, Plaintiff filed a complaint with the EEOC, and a mediation was scheduled the last week of July 2015, with Defendants Huddleson (incorrectly identified as "Huddleston") and Beth Rubin

representing Defendants Commissioners and Greene County. Doc. #34, PAGEID##211-212. According to the Amended Complaint, when Defendant Huddleson learned at the mediation that Plaintiff had previously complained to Defendant Beth Rubin, a supervisor, of harassment and discrimination, the mediation was recessed and Defendant Huddleson was permitted 30 days to investigate the charges of discrimination. Doc. #34, PAGEID#212.

On August 9, 2015, Plaintiff, who had gone dancing for her birthday, was stopped and arrested by Greene County Sheriff's Deputy, Jeffrey Thomas, for driving under the influence of illegal drugs. Doc. #34, PAGEID#212-213. Following the stop and arrest, Deputy Thomas, who is not named as a defendant in the Amended Complaint, was told that Plaintiff's husband was coming to pick her up and that Plaintiff should not be processed. *Id.* at PAGEID#213. Despite the information conveyed to Deputy Thomas, Plaintiff was handcuffed, dragged across the entry way to the jail, forced to take a cold shower, made to put on jail clothing, photographed and listed as an inmate of the jail with her photograph being posted to the internet. *Id.* The Amended Complaint states that a "white male arrested at the same time was not forced to go through this treatment." *Id.* Deputy Thomas denied under oath that he had any communication with Defendant Beth Keller after 1:00 a.m. on Saturday, August 9, 2015, although Defendant Beth Keller testified that she could not remember if she had had a conversation with Deputy Thomas. *Id.* Deputy Thomas reports to Major Kirk Keller, husband of Defendant Beth Keller. Doc. #34, PAGEID##205, 212-13.

In early September 2015, the second EEOC mediation was held and the Amended Complaint alleges that Defendants Huddleson and Rubin stated that they had a report that showed no one had discriminated against Plaintiff during the six months that she was employed as a caseworker. Plaintiff alleges that she saw her Greene County Sheriff's arrest report included in Defendants' report. Doc. #34, PAGEID#214. No settlement was offered to Plaintiff at the second EEOC mediation. *Id.*

On October 1, 2015, the laboratory report came back with a finding of no drugs or alcohol in Plaintiff on August 9, 2015, and the driving under the influence case against Plaintiff was dismissed. Doc. #34, PAGEID#214.[4]

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendations to which an objection is made. The Court may accept, reject, or modify, in whole or in part, the magistrate judge's findings, may receive further evidence, or recommit the matter to the magistrate judge with instructions. *Id. See also* Fed. R. Civ. P. 72 (b)(3). In this case, the Court has made not only a de novo review of the

---

[4] Plaintiff has filed a separate complaint against the Greene County Deputy Sheriff, Jeffrey Thomas, various members of the sheriff's department, and the county administrator, *Glenda Jacqueline Prado v. Deputy Sheriff Jeffrey Thomas, et al.,* Case No. 3:16-cv-00306, as a result of her allegedly wrongful arrest and detention on August 9, 2015.

6

objections, but also the Fourth Cause of Action (Due Process) and the Eighth Cause of Action (Equal Protection).

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A "legal conclusion couched as a factual allegation" need not be

7

accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint [ ] also may be taken into account." *Barany–Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)), without converting the motion into one for summary judgment.

Having reviewed the objections *de novo* as well as the Report and Recommendations including the fourth (due process) and eighth (equal protection) causes of action, the Court adopts the Magistrate Judge's Report and Recommendations, Doc. #53, overrules Plaintiff's Objections, Doc. #54, and sustains Defendants' motion for partial judgment on the pleadings. Doc. #46

Accordingly, for the reasons set forth below, the employment claims remain pending with only Greene County remaining as Defendant.

III. **Legal Analysis**

    **A. Plaintiff's Claims for Malicious Prosecution, False Arrest and False Imprisonment (Fifth, Sixth and Seventh Causes of Action)**

Plaintiff's Causes of Action for malicious prosecution, false arrest and false imprisonment are pleaded in the Amended Complaint as § 1983 claims and allege,

8

generally, procedural and substantive due process violations. Specifically, the fifth (malicious prosecution), sixth (false arrest) and seventh (false imprisonment) causes of action each allege procedural due process violations by stating that the August 9, 2015, "arrest and prosecution" were "used by Defendants Rubin, Huddleston, Greene County, Ohio, Board of Commissioners and Greene County, Ohio ...to deprive the Plaintiff of due process of law, the procedural rights the Plaintiff had with the EEOC under federal statutes and rules thereunder, through intimidation." Doc. #34, PAGEID##217-220. With respect to the sixth (false arrest) and seventh (false imprisonment) causes of action, Plaintiff alleges that her "substantive due process rights to liberty, personal security and bodily integrity" were violated. Doc. #34, PAGEID##218-220.

Because a § 1983 claim is not self-executing but instead is only a method for vindicating federal rights conferred elsewhere, "the first step is to identify the specific constitutional right that is alleged to be infringed." *Albright v. Oliver*, 510 U. S. 266, 271 (1994). A § 1983 claim for malicious prosecution, false arrest, and false imprisonment, as is alleged in this litigation, "must be asserted according to the Fourth Amendment." *Albright v. Oliver*, 510 U. S. 266, 271 (1994); *Spurlock v. Satterfield*, 167 F.3d 995,1006, n.19 (6th Cir.1999). The Fourth Amendment governs pretrial detention. *Gerstein v. Pugh*, 420 U.S. 103, 111, (1975), as cited in *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911 (2017).

> This Court decided some four decades ago that a claim challenging pretrial detention fell within the scope of the Fourth Amendment... The Court looked to the Fourth Amendment to analyze—and

9

uphold—their claim that such a pretrial restraint on liberty is unlawful unless a judge (or grand jury) first makes a reliable finding of probable cause. The Fourth Amendment, we began, establishes the minimum constitutional 'standards and procedures' not just for arrest but also for ensuing 'detention.' ... That Amendment, standing alone, guaranteed 'a fair and reliable determination of probable cause as a condition for any significant pretrial restraint.' *Id.* at 917-918 (internal citations omitted).

Despite the well-established legal authority holding that § 1983 claims for malicious prosecution, false arrest and false imprisonment can be asserted only under the Fourth Amendment, nowhere in Plaintiff's Amended Complaint is there any mention of this amendment. Accordingly, Plaintiff has not stated any § 1983 claims in her Fifth, Sixth or Seventh causes of action.

Notwithstanding the fact that the malicious prosecution, false arrest and false imprisonment claims allege violations of "due process of law," "procedural rights," and "substantive due process," Plaintiff next argues that these claims are actually state law claims. However, even if state law claims, Defendants' motion must still be granted since the Amended Complaint does not allege that any of the Defendants were in any way responsible for the August 9, 2015, stop and arrest.

Although the Amended Complaint lists nine separate Defendants (and other unnamed "Greene County, Ohio, Department of Job & Family Services Employees,"), not one of these defendants is alleged to have had any connection with the August 9, 2015, stop, arrest and detention of Plaintiff. Indeed, the only individual identified in the August 9, 2015, stop and arrest is Deputy Sheriff Jeffrey Thomas who is not named as a defendant in this case. Plaintiff, later in her

pleading, alleges that Defendant Beth Keller's husband is the supervisor of Deputy Sheriff Thomas and that Defendant Keller could not remember if she spoke to Deputy Sheriff Thomas after August 9, 2015. This allegation, standing alone, however, does not create liability against Defendant Keller or any of the other named Defendants. Without any factual connection between the alleged unlawful events of August 9, 2015, and any of the named Defendants, Plaintiff has pled no facts to support any claims for malicious prosecution, false arrest or false imprisonment. "To survive a motion to dismiss, a complaint must have alleged enough facts to make his claims plausible. Speculation and conjecture will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For all the foregoing reasons, the Court finds that Plaintiff's claims for malicious prosecution, false arrest, or false imprisonment, whether based on federal law or state law, as Plaintiff now argues in her response, must be dismissed.

### B. Eighth (Equal Protection) and Fourth (Due Process) Causes of Action

The Magistrate Judge recommended dismissal of Plaintiff's Eighth Cause of Action, a § 1983 claim for Equal Protection, and Fourth Cause of Action, a § 1983 claim for Due Process. Plaintiff, however, incorrectly asserts that both the Fourth and Eighth Causes of Action "survive as to all Defendants named under those causes of action, except Greene County." Doc. #54, PAGEID#421. Because of this

confusion, the Court will review Plaintiff's claims for Equal Protection and Due Process, de novo.

1. **Equal Protection**

Plaintiff's § 1983 claim for Equal Protection alleges that she was subjected to "disparate treatment, harassment and retaliation in her employment" and also "discriminatory treatment" while in custody following her August 9, 2015, arrest. Doc. #34 PAGEID##220-21.[5] Plaintiff states that the legal basis for her equal protection claim is race and ethnicity since she is a Hispanic immigrant and has a Spanish accent., Doc. #34, PAGEID##220 and 207. As such, the Court will analyze her claims based on caselaw interpreting race and national origin causes of action, *Boutros v. Canton Regional Transit Authority*, 997 F. 2d 198, 203 (6th Cir. 1993); *Opengeym v. Heartland Employment Services, LLC*, 2017 WL 5495714 (6th Cir. January 30, 2017), and will address the alleged equal protection violations of employment and custody separately.

a. **Employment**

To establish a prima facie case of disparate treatment, plaintiff must show: (1) that she is within a protected class; (2) that she suffered an adverse employment action; (3) that she was qualified for the position; and (4) that

---

[5] Plaintiff has alleged retaliation in her equal protection claim but has stated no facts in support. As such, the Court will discuss only the disparate treatment and harassment or hostile workplace allegations.

12

similarly-situated non-minority employees were treated more favorably. *Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir.2002); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 581-82 (6th Cir.1992). Because Plaintiff has alleged an equal protection violation against a public employer in a § 1983 action, she "must show that the employer made an adverse employment decision 'with a discriminatory intent and purpose.'" *Boger v. Wayne Cnty.*, 950 F.2d 316, 324–25 (6th Cir.1991) (citation omitted). In this case, Plaintiff must establish that her termination on March 15, 2015, would not have been made "but for" her race. *Weberg v. Franks*, 229 F. 3d 514, 522 (6th Cir. 2000). Plaintiff may not simply introduce evidence of discriminatory intent and suggest that "'such intent could have played a role in an adverse employment decision. Rather, a plaintiff is required to demonstrate that the adverse employment decision would not have been made "but for" her race.'" *Boger*, 950 F.2d at 325 (quoting *Gutzwiller v. Fenik*, 860 F. 2d 1317,1325 (6th Cir. 1988)). Plaintiff's burden of establishing discriminatory intent is either by introducing direct or circumstantial evidence. Because both Title VII and § 1983 prohibit discriminatory employment practices by public employers, and are largely parallel remedies, *Boutros v. Canton Regional Transit Authority*, at 202. *Gutzwiller*, 860 F.2d at 1325, Title VII disparate treatment cases provide assistance in analyzing race discrimination in the public employment context under § 1983.

Plaintiff must also show that similarly situated employees outside the protected class were treated differently or more favorably. To be similarly situated, exact correlation is not required, but the plaintiff and the employee with

13

whom the plaintiff seeks to compare himself must be similar in "all of the relevant aspects." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir.1998) (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir.1994)). The non-minority employee(s) must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them. *Ercegovich*, 154 F.3d at 352.

Plaintiff's Amended Complaint fails to state sufficient facts to support a § 1983 Equal Protection claim for disparate treatment in her employment. While Plaintiff is arguably within a protected class, was terminated, and may well have been qualified, the Amended Complaint does not give enough details as to "similarly situated non-minority employees who were treated more favorably." *Clayton* 281 F.3d 610. 05, 610 (6th Cir.2002). While Plaintiff was allegedly deprived of "valuable training" by Defendant Beth Keller while three other white trainees were assigned cases and Defendant Keller accompanied them, the Amended Complaint also alleges that Plaintiff was then taken for job shadowing with an "African-American co-worker," and that a different supervisor of Plaintiff attended screening sessions to assure that Plaintiff was assigned cases. Doc. #34 PAGEID##203-204. Additionally, this different supervisor physically moved Plaintiff's computer and phone to a new location and gave her a positive three-month review in December 2014. Doc. #34, PAGEID#204. Plaintiff then states that

Defendant Pat Mazeika, allegedly another supervisor of Plaintiff, "covered for other white workers" and stayed late and did the work of "another white worker" who went on vacation. Plaintiff, however, provides no details as to why these allegations concerning Defendant Pat Mazeika are relevant. Specifically, the Amended Complaint does not address whether these other "white workers" were similar to Plaintiff in job title or experience, or if Defendant Pat Mazeika ever failed to "cover" for Plaintiff or if Plaintiff was terminated for not turning in her work, because Defendant Pat Mazeika would not cover for her as she allegedly did for white workers. In fact, the Amended Complaint alleges that Plaintiff's termination occurred following a staff meeting during which Plaintiff commented about the "incompleteness of files" Doc. #34, PAGEID#210 and that at the time of her termination, Plaintiff was simply told that "her job performance was inadequate." *Id.*

Plaintiff's § 1983 Equal Protection claim for harassment is based on allegations that demeaning and offensive mimicking remarks were directed at Plaintiff due to her accent. Doc. #34, PAGEID##204-207. However, Plaintiff received a favorable three-month review in December 2014, and following the end of December 2014, up to her March 11, 2015, date of termination, the Amended Complaint does not allege any further harassment.

Harassment can be found when the "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an

abusive working environment." *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67 (1986); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); see also *Bourini v. Bridgestone/Firestone N. Am. Tire, LLC*, 136 Fed. Appx. 747, 751 (6th Cir.2005). Conversely, and as noted in *Faragher v. City of Boca Raton*, 524 U.S.775 (1998), simple teasing, offhand comments, and isolated incidents, unless extremely serious, will not amount to discriminatory "changes in the terms and conditions of employment' in a Title VII case. The allegations made in the Amended Complaint do not establish harassment in the context of a § 1983 claim.

### b. August 9, 2015, Arrest

Plaintiff's Amended Complaint also alleges that the August 9, 2015, arrest was a violation of the Equal Protection Clause. "[T]o state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). Further, Plaintiff must show that the disparate treatment she experienced was "so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the [government's] actions were irrational." *Byers v. City of Cincinnati*, No. 1:13-cv-339, 2013 U.S. Dist. LEXIS 157796 (S.D. Ohio Nov. 4, 2013) (*citing United States v. Green*, 654 F.3d 637, 651-52 (6th Cir. 2011)). "Although courts do not require 'exact correlation' when evaluating whether parties are similarly situated, they do

16

require 'relative similarity.'" *Ryan v. City of Detroit*, 174 F. Supp. 3d 964, 976 (E.D. Mich. 2016), 698 F. App'x 272, 280-81 (6th Cir. 2017).

While Plaintiff describes in detail the processing following her arrest, there are no factual allegations explaining why it was discriminatory. Even assuming that a "white male" was taken into custody at the same time, it is unknown what if any relationship the white male had to Plaintiff, what he was charged with, if anything, or what happened to him. Conclusory allegations that Plaintiff was "treated in a discriminatory and demeaning manner due to her ethnicity and race which was not required of the white male taken into custody at the same time" is legally insufficient as a matter of law. The "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Based on the allegations of the Amended Complaint, Plaintiff has failed to state a § 1983 equal protection violation as it pertains to her arrest of August 9, 2015.

### 2. Due Process

Plaintiff alleges that her Fourth Cause of Action states a § 1983 claim for a due process violation because Defendants refused to settle at the second EEOC mediation and used her unlawful August 9, 2015, arrest as a basis for not making any settlement offer. It is unclear from her pleadings if Plaintiff is alleging a procedural or substantive violation.

This arrest was used by Defendants Rubin, Huddleston, Greene County, Ohio Department of Job & Family Services, Greene County, Ohio Board of Commissioners and Greene County, Ohio to intimidate the Plaintiff and gain advantage in the EEOC action, thus attempting to deprive the Plaintiff of due process of law, the procedural rights the Plaintiff had with the EEOC under federal statutes and rules thereunder, through intimidation. Doc. #34, PAGEID#217

In order to establish a due process violation, whether procedural or substantive, it must first be shown that a property interest exists and a person must have more than an abstract need or desire for the interest or a unilateral expectation. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972). Based on Plaintiff's allegations, however, the only possible property interest articulated that could support a due process violation is the lack of a settlement offer at the second EEOC mediation. As a result, Plaintiff's Fourth Cause of Action only alleges "generalized notions of entitlement to due process" and lacks any identification of a property interest or a deficiency in process. *Quarrie v. New Mexico Inst. Of Mining & Tech.*, No. 13-CV-0349 MV/SMV,2014 WL 11456611 at *2 (D.N.M. April 4, 2014) (failure of defendants to participate in a mediation on terms that plaintiff finds favorable does not state any due process violation).

Based on the above, Plaintiff has alleged no legally cognizable property interest that would support either a procedural or substantive due process claim.

### C. Dismissal of the Individual Defendants

Defendants' motion sought dismissal of all individual Defendants from

18

all claims stated in the Amended Complaint. Defendants asserted qualified immunity for any alleged constitutional violation and state law immunity per R. C. §2744.03 for any alleged discrimination based on R.C. §4112. With respect to Title VII, Defendants argued that only employers have potential liability and that no individual Defendant liability exists. Doc. #46, PAGEID##345-348;351-352.

While it is generally inappropriate for a district court to grant qualified immunity on a Rule 12 (b)(6) or Rule 12(c) motion for judgment on the pleadings, *Wesley v. Campbell*, 779 F.3d 421, 433-34 (6th Cir. 2015), for the reasons stated previously, Plaintiff has not alleged sufficient facts to state any due process or equal protection claim. Accordingly, absent sufficient facts to allege constitutional violations, no qualified immunity analysis is necessary.

As to Plaintiff's state law employment discrimination claims, R.C. §4112, immunity exists pursuant to R.C. §2744.03 for the individual Defendants. In *Hauser v. Dayton Police Department,* 140 Ohio St.3d 268 (2014), the Ohio Supreme Court held that R.C. §4112.01(A)(2) and 4112.02(A) do not expressly impose liability on political subdivision employees; rather, political subdivision employers are subject to vicarious liability for the discriminatory acts of their employees.

Finally, the Sixth Circuit has ruled that an individual employee/supervisor who does not otherwise qualify as an "employer" may not be sued under Title VII. *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir.1997). Because there is no allegation that any of the individual Defendants was the employers of Plaintiff, they are dismissed for any Title VII cause of action.

## IV. Conclusion

For the reasons set forth above, the Court ADOPTS the Report and Recommendations, Doc. # 53, and OVERRULES Plaintiff's Objections to said judicial filing, Doc. #54; and SUSTAINS Defendants' Motion for Partial Judgment on the Pleadings, Doc. #46.

Plaintiff's employment claims as alleged in the First, Second and Third Causes of Action (Title VII) and Ninth Cause of Action (R.C. Chapter 4112) remain pending against Defendant Greene County.

Date: September 21, 2018

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE