IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GLENDA JACQUELINE PRADO, | : | |
| Plaintiff, | | |
| v. | : | Case No. 3:16-cv-320 |
| PAT MEZEIKA, *et al.*, | | JUDGE WALTER H. RICE |
| Defendants. | : | |

---

DECISION AND ENTRY OVERRULING MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY (DOC. #58) AND OVERRULING MOTION TO COMPEL (DOC. #61)

---

Before the Court is a motion for extension of time to complete discovery, Doc. #58, filed by Plaintiff Glenda Jacqueline Prado, a memorandum opposing any extension of the October 12, 2018, discovery deadline, Doc. #59, filed by Defendants, Greene County Ohio Board of Commissioners and Greene County ("Defendants"), and Plaintiff's reply. Doc. #60. Plaintiff has also filed a motion to compel, Doc. #61, Defendants have filed a response opposing the motion to compel, Doc. #62 and Plaintiff has filed a reply. Doc. #63.

For the reasons set forth below, the Court overrules Plaintiff's motion to extend discovery, Doc. #58, and Plaintiff's motion to compel. Doc. #61.

I.  **Factual Background of Plaintiff's Motion for Extension of Time to Complete Discovery and Motion to Compel**

On September 5, 2018, Plaintiff served her Second Document Request to Defendant, Beth Rubin. The discovery request sought, among other things, time sheets for new and probationary employees, payroll records, personnel records for Plaintiff and disciplinary records for new and probationary employees. The document request also included, in requests 7 through10, client records assigned to or worked on by Plaintiff, as well as all new and/or probationary employees, and client records of all cases assigned to two specific employees of Greene County Children Services. Doc. #58, PAGEID#464.

On September 21, 2018, this Court issued its Decision and Entry Adopting the United States Magistrate Judge's Report and Recommendations. Doc. #57. The Decision and Entry, among other things, adopted the Magistrate Judge's recommendation that all the individual Defendants, including Beth Rubin and Amy Amburn, be dismissed from this case.

On September 29, 2018, eight days after the Court's Decision and Entry dismissing the individual Defendants from this case, Plaintiff sent a Third Document Request to Beth Rubin and a Second and Third Document Request to Amy Amburn. Discovery cut-off was October 12, 2018

On October 6, 2018, Plaintiff received a CD from Defendants which contained documents responsive to Plaintiff's Second Document Request to Defendant Amy Rubin. However, in response to requests 7 through 10,

2

Defendants did not provide the actual client records but instead listed only the case numbers for the clients; however, information as to the time period, employee handling the case and the category or disposition of the case was provided. Doc. #59-1, PAGEID##484-505.

Because Plaintiff did not receive the client records, she served, on October 8, 2018, a Fourth Document Request directed to Beth Rubin. In Plaintiff's motion to extend discovery, filed two days later on October 10, 2018, she states that she sent the fourth document request to "clarify" her earlier request. "[R]ather than file a motion to compel, Plaintiff sent via email a Fourth Request for Documents to clarify her requests on October 8, 2018." Doc. #58, PAGEID#464.

On October 11, 2018, Defendants filed a response opposing the motion to extend the discovery cutoff and formally advised that they would not be responding to the Second, Third and Fourth Document Requests directed to Defendant Beth Rubin and the Second and Third Requests for Production of Documents to Amy Amburn. Plaintiff filed a motion to compel on October 12, 2018.

Plaintiff's motion to extend discovery seeks an extension of the discovery cutoff date "until such time as Defendants respond to the Plaintiff's Fourth Request for Documents which was prompted by Defendants' responses to her Second Request for Documents by Beth Rubin, which were deficient either by design or inadvertent." *Id.* at PAGEID#466. Plaintiff's motion to compel argues that she complied with S.D. Ohio Civ. R. 37.1, that the client records are necessary

3

for her to establish disparate treatment and that entries in any client records could be redacted if Defendants are concerned about confidentiality.

Defendants oppose any extension of the discovery deadline as well as the motion to compel on the basis that the October 12, 2018, cutoff date for discovery was set by agreement on December 18, 2017, Doc. #41, Plaintiff failed to comply with S.D. Ohio Civ. R. 37.1 to resolve this discovery issue informally, and the documents sought are voluminous and confidential pursuant to R.C. §5153.17. Defendants also contend that Plaintiff has not demonstrated that she could not have reasonably satisfied the discovery deadline.

## II. Legal Analysis

### A. Motion for Extension of Time to Complete Discovery

On November 13, 2017, a preliminary pretrial conference was held setting a "Cut-off **DEADLINE** for discovery" of October 12, 2018. Doc. #41. The Preliminary Pretrial Conference Order, filed December 12, 2017, is clear as to the meaning of the discovery deadline and further states that "[T]here will be no continuation of discovery beyond the discovery cut-off date, absent express approval of the Court or the Magistrate Judge obtained upon showing of good cause." *Id.* at PAGEID#310.

The Third Document Request to Beth Rubin and the Second and Third Document Requests to Amy Amburn were all served September 29, 2018, with a response due approximately 17 days beyond the discovery cutoff of October 12,

4

2018. The Fourth Document Request directed to Beth Rubin was served October 8, 2018, with a response due approximately 26 days after discovery cutoff.

Defendants assert that "Plaintiff's attorney did not conduct any depositions or attempt any discovery between August 2017 and September 2018, and Plaintiff has not presented any evidence that Defendants did not timely respond to any prior discovery requests." Doc. #59 PAGEID#475. Plaintiff does not challenge Defendants' assertion as to the lack of discovery conducted during this time period.

In short, Plaintiff's motion to extend discovery fails to set forth any "good cause" for an extension beyond the agreed upon date of October 12, 2018, as set forth in this Court's Order of December 12, 2017. Accordingly, the motion is denied.

**B. Motion to Compel**

Plaintiff seeks an order from this Court compelling Defendants to respond to the Second, Third and Fourth Document Requests directed to Defendant Beth Rubin and the Second and Third Requests for Production of Documents to Amy Amburn.

S.D. Local Rule 37.1 reads as follows:

37.1 Consultation Among Counsel; Informal Discovery Dispute Conference

> Objections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. After extrajudicial means for the resolution of differences about discovery

5

have been exhausted, in lieu of immediately filing a motion under Fed. R. Civ. P. 26 or 37 and S.D. Ohio Civ. R. 37.2, any party may first seek an informal telephone conference with the Judge assigned to supervise discovery in the case.

Despite Plaintiff's claims, there is no indication in her motion to compel that she has made any serious attempt to comply with this Local Rule. For this reason alone, the motion to compel is denied. Moreover, Defendants contend that production of the requested documents is both voluminous as well as impermissible due to confidentiality concerns set forth in *State ex rel. Renfro v. Cuyahoga County Dept. of Human Services* (Ohio 1990) 54 Ohio St.3d 25, 560, rehearing denied 55 Ohio St.3d 709. Plaintiff argues that "...portions of these records could be redacted, but their relevance or tendency to lead to relevant evidence cannot be denied." Doc. #63, PAGEID#558. Plaintiff's assertion, however, without more, cannot justify ignoring the confidentiality concerns of third party records protected by both statute and case law and the extent of redaction required for this document production also ignores the 2015 Amendment to Rule 26(b)(1) and proportionality issues.[1]

---

[1] Rule 26(b)(1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

6

Finally, in addition to Plaintiff's failure to comply with S.D. Local Rule 37.1, and the confidential nature of the client records being sought, not only is the response time to the Third Document Request to Beth Rubin and Second and Third Document Requests to Amy Amburn beyond the discovery cut-off but, by the time these discovery requests were served on September 29, 2018, these individual Defendants had been dismissed from this case nine days earlier pursuant to this Court's Decision and Entry. Doc. #57.[2]

### C. Conclusion

For all the foregoing reasons, Plaintiff's Motion for Extension of Time to Complete Discovery, Doc. #58, and Plaintiff's Motion to Compel, Doc. #61, are overruled.

Date: November 5, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[2] "Plaintiff's employment claims as alleged in the First, Second and Third Causes of Action (Title VII) and Ninth Cause of Action (R.C. Chapter 4112) remain pending against Defendant Greene County." Doc. #57, PAGEID#462.

7