IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLENDA JACQUELINE PRADO, :
    Plaintiff,
                                    Case No. 3:16-cv-320
v.                        :
                                    JUDGE WALTER H. RICE
PAT MAZEIKA, *et al.,*
    Defendants. :

---

DECISION AND ENTRY SUSTAINING MOTION OF DEFENDANTS
TO QUASH SUBPOENA DUCES TECUM TO BETH RUBIN
(DOC. #77)

---

Before the Court is a motion to quash or modify a subpoena duces tecum, pursuant to Fed. R. Civ. P. 45(d)(3), filed by Defendants, Greene County, Ohio, Board of Commissioners and Greene County, Ohio (collectively referred to as "Greene County"). Doc. #77. The subpoena duces tecum was served by Plaintiff, Glenda Jacqueline Prado ("Prado"), on Beth Rubin. As alleged in Prado's Amended Complaint, Beth Rubin is the Director of Greene County, Ohio, Department of Job & Family Services, "a department or agency of Greene County," and, at one time, a Defendant in this litigation. Doc. #34, PAGEID#200; Doc.#57. Prado has filed a response to the motion to quash, Doc. #81, and Greene County has filed a reply, Doc. # 85.

I.  **Introduction**

Beth Rubin was served with the subpoena duces tecum on January 29, 2019, and on February 6, 2019, Greene County's attorneys contacted Prado's attorney, via email, advising him that while Beth Rubin would appear at trial, she would not produce documents, since she, as an individual, had no documents in her possession and, as a Director, Greene County would not produce the requested subpoenaed documents, since the documents either could have been, or were, previously obtained through discovery requests. The email closed by stating that "[T]herefore, we are respectfully requesting that you withdraw the portion of your subpoena to Ms. Rubin relating to documents and, if you decline to do so, we will have no choice but to involve the Court." Doc. #77-2, PAGEID#1016.

Prado's attorney responded to the email later that day with the statement "Involve the Court." *Id.*

Greene County states, essentially, two arguments in support of its motion to quash. The first is that the documents sought are confidential as well as an undue burden on Greene County in redacting all the documents pursuant to Fed.R.Civ.P. 45(d)(3). Greene County's second argument is that most, if not all, of the requested documents were the subject of this Court's earlier Decision and Entry or were previously produced to Prado in discovery. Doc. #64.

Prado's response to the motion to quash is Greene County lacks "standing," Beth Rubin's "[T]time for objection has passed," Greene County has

2

had "well over a month" to respond, "the geographical distance is about 12 miles (thus, well within the geographic reach of a subpoena), the subpoena is specific and limited to named individuals" and "[C]oncerning privilege, there is only a generalized derivative claim to privilege by parties lacking standing in the present motion." Doc. #81, PAGEID#1056-57.

The legal and factual arguments of the parties are discussed in greater detail below.

II. **Legal Discussion**

Fed.R.Civ.P. 45(d)(3) reads as follows:

On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

Based upon the language of Fed.R.Civ.P. 45(d)(3), the Court must quash or modify the subpoena duces tecum if the material sought is privileged or protected or subjects the party to an undue burden. The Court will examine the subpoena for "privilege or protected matter" and, alternatively, to determine if the subpoena subjects Greene County to "undue burden."

The subpoena attached to Greene County's motion, Doc. 77-1, PAGEID#1012-1014, includes a document entitled "Attachment to Subpoena

Duces Tecum." On this "Attachment" are 12 separate single spaced document requests, with six of the requests beginning with the phrase "Any and all documents of any sort and in any media concerning or related to all cases assigned to or worked on...." Two other requests concern "any and all documents" relating to performance reviews for a six-month time period for eight different individuals, and one request concerns, allegedly, "one removal" case that Prado received from a co-worker. Moreover, included in this document request for this *one* specific removal case is also a request for

> assessments, safety assessments, family assessments, case plans, service plans, reports from contacts with clients, reviews, 90 day reviews, SACWIS entries, reports, narratives, case transfer documentation, case initiation and case closures and any and all comments or actions of any sort by supervisors on any level concerning or related to these *cases*.

*Id.* (emphasis added). The remaining requests on the Attachment concern a "specific Document Retention Policy" that "permits the elimination" of time sheets, sign-in and sign out records, and payment records within three years of such documentation being made," along with an Employee Handbook used for Prado's six month probationary time period, emails from everyone at Greene County Department of Job and Family Services concerning Prado's termination for Prado's six month probationary time period, and "[A]ny and all documentation to the Greene County Board of Commissioners concerning" Prado's termination. *Id.*

4

On November 5, 2018, this Court issued its Decision and Entry, Doc. #64, overruling both Plaintiff's motion to extend discovery, Doc. #58, and motion to compel, Doc. #61. In the Decision and Entry of November 5, 2018, the Court cited counsel to S.D. Local Rule 37.1, "Consultation Among Counsel; Informal Discovery Dispute Conference," and also included the following findings based upon the documents belatedly requested by Prado:

> Despite Plaintiff's claims, there is no indication in her motion to compel that she has made any serious attempt to comply with this Local Rule. For this reason alone, the motion to compel is denied. Moreover, Defendants contend that production of the requested documents is both voluminous as well as impermissible due to confidentiality concerns set forth in *State ex rel. Renfro v. Cuyahoga County Dept. of Human Services* (Ohio 1990) 54 Ohio St.3d 25, 560, rehearing denied 55 Ohio St.3d 709. Plaintiff argues that "...portions of these records could be redacted, but their relevance or tendency to lead to relevant evidence cannot be denied." Doc. #63, PAGEID#558. Plaintiff's assertion, however, without more, cannot justify ignoring the confidentiality concerns of third party records protected by both statute and case law, and the extent of redaction required for this document production also ignores the 2015 Amendment to Rule 26(b)(1) and proportionality issues.

Doc. #64, PAGEID#588.

Greene County argues that by Prado's requesting essentially the same documents as she did in her prior requests, which the Court determined to be either unduly burdensome, or subject to laws protecting the subject's privacy, Doc. #64, PAGEID# 588, "Plaintiff cannot now expect to circumvent this Court's clear ruling by seeking to obtain these documents through a subpoena duces tecum." Greene County further argues that Prado is also requesting, in her subpoena duces tecum, "a copy of Greene County's document retention policy,

5

the employee handbook, e-mails between supervisors related to Plaintiff's termination, and documentation to the Greene County Board of Commissioners" regarding her termination. Doc. #77, PAGEID#1010. Greene County concludes by stating that all of these documents were either produced during discovery, do not exist, or were requested in discovery belatedly served and which were not permitted by this Court to be produced.

In support of her standing argument, Prado cites the Court to a decision concerning a motion to quash in a method of execution case, *In re Ohio Execution Protocol Litigation*, 2:11-cv-1016, Doc. 2043 (S. D. Ohio November 27, 2018). Although this particular ruling is based on standing, it is easily distinguishable from the issues presently before this Court.

*In re Ohio Execution Protocol Litigation* involved a plaintiff, Warren Hennes, a death sentenced inmate, serving the defendants, the "Anonymous Execution Team Members"' expert witness, Dr. Buffington, with a subpoena duces tecum. The defendants filed a motion to quash. Magistrate Judge Merz, however, determined that the defendants could not object to the subpoena duces tecum, since they had no standing and Dr. Buffington, who was not a party, was himself required to file any motion to quash. Here, however, Beth Rubin is the Director of the Greene County Department of Job and Family Services and her employer is Greene County of which Prado is, of course, aware due to the allegations in her Amended Complaint. As explained to Prado's attorney in Greene County's February 6, 2019, email sent to him following the service of the subpoena on Beth

Rubin, this witness can appear personally without documents, but the documents requested are in the custody and control of Greene County. As both the employer and the custodian of records, Greene County has standing to file this motion to quash.

Prado's other arguments are essentially that the documents requested are not confidential and, despite the previously cited language in the Court's earlier Decision and Entry, the previous motions were actually "decided on a lack of timeliness." Doc. #81, PAGEID#1058.

Having reviewed the arguments of the parties, as well as the subpoena, the Court finds that the documents requested in the subpoena duces tecum served on Beth Rubin, which are in the control of her employer, Greene County, require disclosure of privileged or other protected matter and also subject Greene County to undue burden. Additionally, many of the requests are either identical to, or only slightly different from, those that were the subject of this Court's November 5, 2018, Decision and Entry, Doc. #64. While Prado argues that only foster care records are at issue, the Court notes, as it did earlier, that R. C. §5153.17 makes confidential records kept by children's services agencies regarding "investigations of families, children, and foster homes, and of the care, training, and treatment afforded children." Additionally, the requested documents in the subpoena duces tecum are voluminous and any redaction, which would be required prior to production, would create an undue burden on Greene County. Had the documents listed on the Attachment in the subpoena duces tecum been requested

earlier in the discovery process, and, assuming further that care had been taken to tailor the requests to specific documents that did not run afoul of the confidentiality and privilege concerns articulated by this Court, it is possible that the documents could have been produced by Greene County. However, production of the documents as requested in the subpoena duces tecum, at this late stage in the litigation, violates Fed.R.Civ.P. 45(d)(3).

Accordingly, the Court SUSTAINS Greene County's motion to quash the subpoena duces tecum to Beth Rubin, Doc. #77.

Date: March 5, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE