IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLENDA JACQUELINE PRADO, :
    Plaintiff,
                                            Case No. 3:16-cv-320
v. :
PAT MAZEIKA, *et al.*,             JUDGE WALTER H. RICE
    Defendants. :

---

DECISION AND ENTRY SUSTAINING, IN PART, AND NOT RULING UPON IN PART DEFENDANTS' MOTION IN LIMINE REGARDING MEDICAL CLAIMS (DOC. #78)

---

Defendants, Greene County, Ohio, Board of Commissioners and Greene County, Ohio (collectively referred to as "Greene County"), have filed a motion *in limine* regarding medical claims that Plaintiff, Glenda Jacqueline Prado ("Prado"), may allege at trial. Doc. #78. Prado has filed a response and although entitled "Response to Motion *in Limine* Regarding Supplemental Lay Witnesses," the memorandum portion of the response pertains to the issue of medical claims. Doc. #83. Greene County has also filed a Reply, Doc. #87. In this motion, Greene County seeks to prevent Prado from presenting evidence or testimony regarding her own alleged medical treatment and expenses, as well as those of her child. Doc. #78, PAGEID#1021.

Prado and Greene County essentially agree that the medical testimony in question concerns Prado stating, without any expert medical testimony, that before she went to work at Greene County Department of Job and Family Services, she had no blood pressure issues, but that after working there, her blood pressure increased. Doc. #78, PAGEID#1020; Doc. #87, PAGEID#1098.

Greene County argues that Fed. R. Evid. 701 permits Prado to testify in the form of an opinion only *if* the opinion is "(a). rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [regarding testimony by expert witnesses]." Doc. #78, PAGEID#1020. Because Prado's opinion as to causal relationship would need to be based on "scientific, technical, or other specialized knowledge within the scope of Rule 702," she cannot state an opinion concerning her increase in blood pressure. Greene County also cites *Parillo v. Lowe's Home Centers*, LLC, S.D. Ohio No., 2017 WL 4124585, *1 (Sept. 18, 2017), in which the district court ruled that plaintiff could give opinions regarding any injury sustained to the left shoulder since that was the location of the fall, but could not give an opinion as to any alleged brain injury. According to the district court, while a jury would easily understand that a fall caused a left shoulder injury, such would not be the case with a brain injury.

Prado's response argues that she only intends to "state the fact that she had no blood pressure issues immediately prior to her employment with the

2

Defendants and that during her employment her blood pressure spiked (medical record included in discovery)." Doc. #83, PAGEID#1066. Prado also contends that she can state a lay opinion. "If she stated that she believed her blood pressure rose because of the situation at work, that would be a lay opinion and only that. Such opinion would be rationally related to her observations of her increasing symptoms of her high blood pressure and would in no way provide a medical diagnosis." *Id.*, PAGEID##1066-67.

Regardless of whether Prado is permitted to state a "fact" of her blood pressure increasing or a lay opinion, her testimony is governed by Fed. R. Evid. 701. If Prado were permitted to testify that "she had no blood pressure issues immediately prior to her employment and that during her employment her blood pressure spiked," a jury would be left to speculate as to the cause of the alleged blood pressure increase. If Prado's testimony qualifies as a "lay opinion and only that," then Fed. R. Evid. 701 applies, and because Prado did not identify an expert witness to testify as to this medical causation between work and increased blood pressure, this evidence would be excluded. Accordingly, Prado may not introduce into evidence, either by testimony or documents, any claim for damages due to an alleged increase in blood pressure.

Greene County also seeks to exclude evidence of medical bills for Prado's daughter. Prado contends that these bills simply represent damages she has suffered, since she no longer has any health insurance covering her daughter after being terminated.

3

Although the Court is inclined to sustain the motion *in limine* concerning the daughter's medical bills, the decision on this matter will be decided by Magistrate Judge Ovington, when it is ripe at trial and depending on the context in which it is offered, if at all. Prado is directed <u>not</u> to mention this subject in either voir dire or in her opening statement.

The Court SUSTAINS, in part, and does not rule on in part, Greene County's motion *in limine* regarding medical claims. Doc. #78.

Date: March 5, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

4