IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GLENDA JACQUELINE PRADO, : <br> Plaintiff, <br> v. <br> PAT MAZEIKA, *et al.,* <br> Defendants. : | Case No. 3:16-cv-320 <br> JUDGE WALTER H. RICE |

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION IN
LIMINE REGARDING SUPPLEMENTAL LAY WITNESSES (DOC. #79)

Defendants, Greene County, Ohio, Board of Commissioners and Greene County, Ohio (collectively referred to as "Greene County"), have filed a motion *in limine* regarding the supplemental lay witnesses identified by Plaintiff, Glenda Jacqueline Prado ("Prado"), Doc. #73, PAGEID#995. Prado has filed a response, Doc. #82, and Greene County has filed a Reply, Doc. #86. In this motion, Greene County seeks to prevent Prado from allowing Xan Boone and Joan Tucker from testifying at trial, claiming that permitting testimony from these two witnesses would result in "unfair prejudice and trial by surprise for Defendants." Doc. #86, PAGEID#1094. Greene County further claims, and Prado does not dispute that these two witnesses were not disclosed until December 18, 2018, "nearly a year after the deadline to disclose lay witnesses upon which the parties agreed and the Court set forth in the Preliminary Pretrial Order." Doc. #41. The Preliminary

Pretrial Order was entered December 12, 2017, and set forth March 29, 2018, as the deadline to disclose lay witnesses and October 12, 2018, as the date for the discovery cutoff. *Id.* In addition to the late disclosure of these two witnesses, Prado's supplemental lay witness identification failed to provide a summary or any information concerning the subject matter upon which these two witnesses would testify. Doc. #79, PAGEID#1046.

Prado responds to Greene County's motion and claim of late disclosure by stating the following:

> Both witnesses were discussed in Plaintiff's Response to Motion for Summary Judgment and her affidavit thereto (Doc. #68, December 1, 2018, pp.5,16,18) and [in] her deposition at page 56. (Although the name[s] was not mentioned.) Further, the Plaintiff has provided a synopsis of testimony for both witnesses in the draft of her Final Pretrial Statement. There is no surprise concerning these persons.

Doc. 82, PAGEID##1064 and 1065.

Although Prado may be correct that the identity of both witnesses was included in Plaintiff's Response filed December 1, 2018, and that a synopsis of their testimony was included in the Final Pretrial Statement, such is beside the point. The crucial facts are that the time for the disclosure of lay witnesses was March 29, 2018, and the discovery cutoff date was October 12, 2018. Fed.R.Civ.P. 26(e)(1)(A) provides that a party must supplement its discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery

2

process or in writing." Prado has provided no justification, substantial or otherwise, as to why the disclosure was not made earlier and also concedes that Prado's deposition did not disclose the identities of these two witnesses. Nor can it be argued that Prado's late disclosure was harmless to Greene County. *See* Doc. ##79 and 86.

Because Prado did not comply with the deadline for the disclosure of lay witnesses and has failed to provide justification for her late disclosure, the Court SUSTAINS Greene County's motion *in limine* regarding supplemental lay witnesses. Doc. #79.

Date: March 5, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE