IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLENDA JACQUELINE PRADO, :
    Plaintiff,
    v. : Case No. 3:16-cv-320
PAT MAZEIKA, *et al.*, : JUDGE WALTER H. RICE
    Defendants. :

---

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION IN LIMINE REGARDING ALLEGATIONS RELATED TO TRAVEL ISSUES (DOC. #80)

---

Defendants, Greene County, Ohio, Board of Commissioners and Greene County, Ohio (collectively referred to as "Greene County"), have filed a motion *in limine* regarding allegations that Plaintiff, Glenda Jacqueline Prado ("Prado"), has made concerning alleged problems with traveling in or out of the country. Prado has not filed a response to Greene County's motion. According to Greene County, Prado has alleged in her Amended Complaint, Doc. #34, that her travel problems began following her termination as a caseworker from the Greene County, Ohio, Department of Job and Family Services. Greene County contends that Prado has claimed "that the alleged disparate treatment she claims to have occurred during her employment as a caseworker 'interferes with her travel to and from the United States[.]'" Doc. #34, PAGEID 215.

Greene County argues that expert testimony is required to establish that Prado's international travel delays are due to the actions of Greene County. Such an expert would need to have technical knowledge of airline security measures, Doc. #80, PAGEID#1054, and ultimately satisfy the requirements of Fed. Evid. R. 702. Prado, according to Greene County, has not identified any expert or evidence to connect the alleged travel issues to any conduct by Greene County and has also failed to supplement her discovery responses to identify any expert witness.

Because Prado has not identified an expert to link these alleged travel damages to the actions of Greene County and has never supplemented her discovery in this regard, she will need to testify as to the cause of these alleged damages. Any testimony by Prado would be governed by Fed. R. Evid. 701. That rule permits a lay witness, such as Prado, to testify in the form of an opinion if it is one that is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [regarding testimony by expert witnesses]." Greene County asserts that such opinion testimony by Prado is inadmissible because it is irrelevant. Fed. Evid.R. 402. The test to determine whether evidence is relevant, and thereby admissible, is whether: (1) the evidence has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action. Fed. Evid. R. 401. Even if relevant, however, "[t]he court may exclude relevant evidence if its probative value is

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. Evid. R. 403.

In this case, the Court finds that any testimony by Prado concerning her alleged travel damages due to the actions of Greene County would be lacking in any supportive basis and speculative. Expert testimony concerning international airline security measures is necessary in order to explain how Prado has allegedly been damaged by Greene County's actions. Prado has not identified any expert to testify on this subject. Prado herself cannot state an opinion as a lay witness since any such opinion by her would be based on technical or other specialized knowledge within the scope of Rule 702. For these reasons, the *motion in limine* regarding allegations related to travel issues, Doc. #80, is SUSTAINED.

Date: March 5, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE